### MARGARET C. MOYNIHAN *vs.* SAMUEL B. ALLYN.

Hampden.    September 26, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Landlord and Tenant — Defective Condition of Tenement — Action.*

An action cannot be maintained against the owner of a house let in tenements for personal injuries occasioned to a child of a tenant by reason of the defective condition of a platform attached to the rear of the house, and used in common by the tenants thereof, if the platform was in the same condition at the time of the accident in which it was when the tenement was hired by the plaintiff's father, who could have discovered its condition upon reasonable examination, and which condition was known to the plaintiff's mother, who had used the platform frequently.

TORT, for personal injuries occasioned to the plaintiff by a defect in a platform connected with a building owned by the defendant in Holyoke. Trial in the Superior Court, before *Mason*, C. J., who allowed a bill of exceptions in substance as follows.

It was admitted that the defendant owned the premises in question, and that the relation of landlord and tenant existed between the defendant and the plaintiff's father.

The plaintiff's evidence showed that the plaintiff was a minor at the time of the injury complained of, a little less than four years old, and was living with her father and mother; that

some two months before the injury the father hired a tenement in the defendant's building, which was four stories high and contained four or more tenements; that there were common hallways and staircases running up from the first floor to the fourth floor used by all the tenants, and an entrance at either end of the hall on the first floor, the hall extending through the building; that the entrance from an alley in the rear of the building was by a flight of stairs leading up to the hallway door; that from the top of this flight of stairs there was a plank walk about fifteen feet long and three feet wide, with a railing connecting with a platform, which platform was built and used as a place for the tenants in the block to hang out washing to dry, and the plank walk was made and used for the sole purpose of reaching the platform; and that the platform, walk, and top step were all about ten feet from the ground, and the walk and platform had a railing around their sides, which slightly overhung the edge of the platform.

The plaintiff's father testified that he did not specially examine the platform, and could not say whether he had been on it before the accident or not.

The plaintiff's mother testified that she had been on the platform many times; that it was rotten, but that it had never broken through with her, and had always held her up; that the platform was used by all the tenants as a place for hanging out clothes, and was used for no other purpose; and that on the day of the accident she was at work in her kitchen, and had left the plaintiff in another room, playing with another little child.

There was evidence tending to show that the plaintiff was found near the stairs; that the ground was muddy, and below the edge of the platform, where the rail overhung, were marks on the ground of a body falling, and there were tracks and marks from there to where the child was found of one dragging himself along; that on the ground beside the spot above mentioned as indicating a body falling was a piece of broken plank, and just above was another piece of broken plank sagging down, but holding to the main piece at one end; that the break was at the outer edge of the platform, and the plank projected several inches from the side of the shed, the platform being the roof of the shed; that the appearance of the broken part indicated a

recent break; that the part broken off was some five or six feet long, about four inches wide in the middle, tapering to the ends; that about half of this broken piece was on the ground, and half sagging down; and that the plank and pieces had a very rotten appearance.

The evidence was uncontradicted that the platform was ,in the same condition at the time of the hiring of the tenement as at the time of the injury.

At the close of the plaintiff's evidence, the judge, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*A. L. Green*, for the plaintiff.

*W. H. Brooks*, for the defendant.

MORTON, J. The evidence was uncontradicted that the platform was in the same condition when the accident to the plaintiff occurred in which it was when her father, of whose family she was a member, hired the tenement. The duty of the defendant was, to use due care to keep the platform and common passageways in a condition as good as they were at the time of hiring, and to inform the tenant of any hidden defect which could not be discovered by reasonable diligence on his part, and of which the defendant ought for his proper protection to be informed.    *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Bowe* v. *Hunking*, 135 Mass. 380.    *Quinn* v. *Perham*, 151 Mass. 162.    *Martin* v. *Richards*, 155 Mass. 381.    *Booth* v. *Merriam*, 155 Mass. 521.    *Bertie* v. *Flagg*, 161 Mass. 504.    There is nothing to show that the injury to the plaintiff was due to any neglect of this duty on the part of the defendant. The plaintiff's father hired the tenement as it was, and with such conveniences as went with it. The condition of the platform could have been discovered by him by reasonable examination. His wife testified that she had been on it many times, and that it was rotten; and it does not appear that there was any such change in its condition as to impose on the defendant a duty to repair it.

As this view is decisive against the plaintiff's right to recover, it is unnecessary to consider the other questions which the case presents.

*Exceptions overruled.*