· WILLIAM L. FREEMAN *vs.* F. W. HUNNEWELL & others, trustees.

Suffolk.    January 22, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Landlord and Tenant — Condition of Elevator — Action.*

An action cannot be maintained against the owner of a building, in which is a freight elevator for the use of tenants which the owner retains in his control and keeps in repair, for personal injuries occasioned to a boy fifteen years of age in the employ of a tenant by falling through an open space at the second floor of the building between the platform of the elevator and the rear wall of the building, if the plaintiff's rights on the elevator were only those of his employer, and the defendant owed the plaintiff no duty to change the construction and arrangement of the elevator, and there is no evidence to show that the plaintiff was in the exercise of due care.

TORT, for personal injuries occasioned to the plaintiff by an alleged defect in an elevator in a building owned by the defendants in Boston.

Trial in the Superior Court, before *Richardson,* J., who, upon all the evidence, ruled that the plaintiff could not recover, and directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. A. McGeough,* for the plaintiff.

*C. R. Clapp,* for the defendant.

KNOWLTON, J.  The defendants are owners of a building five stories high, in which is a freight elevator for the use of tenants, which the defendants retain in their control and keep in repair. The rear wall of the building forms one side of the elevator well, and above the third floor it is built out into the room about fifteen inches, so that the well is smaller above the second story than in the lower stories of the building. The elevator is an open platform, built of such size as to pass up and down in the upper stories, where the well is narrowed by the construction of the wall, and when the elevator is at rest at the second floor there is an open place $4\frac{7}{10}$ feet long and 15 inches wide between the platform of the elevator and the rear wall of the building, which forms one side of the well. The plaintiff, a boy fifteen years of age employed by the tenants who occupied the second and third floors of the building, had been accustomed to use the elevator daily for four months. The common way of using it was to ride up and down upon it with the freight which was carried. He was injured by falling through this open space at the second floor of the building between the platform of the elevator and the wall.

His rights upon the elevator were only those of his employers, who were tenants of the defendants. When they hired the building the elevator was in the same condition as at the time of the accident. They having hired their tenement with an elevator so constructed, the defendants did not owe them nor their employees any duty to change this construction. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Quinn* v. *Perham,* 151 Mass. 162. *Moynihan* v. *Allyn,* 162 Mass. 270. There was no evidence of negligence on the part of the defendants.

There was no evidence of due care on the part of the plaintiff.

The accident happened between one and two o'clock in the afternoon. The plaintiff knew of the existence of the hole, and must have known that there was danger of falling through it if he did not keep his feet upon the platform. There was nothing to show that he used any care to keep from falling, or that the accident happened from any cause other than his own inattention and negligence.                    *Exceptions overruled.*