CHARLES O'MALLEY vs. TWENTY-FIVE ASSOCIATES.

Worcester.    October 2, 1900. — May 21, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

In the absence of warranty or misrepresentation a landlord is liable to his tenant only for a failure to disclose hidden defects the actual existence of which was known to him.

The owner of a tenement house, maintaining it as such, is not liable to one of the tenants, or a person having his rights, for an injury caused by the breaking of a hook attached to a crane on the building, if he did not know that the hook was defective.

Whether the employee of a coal dealer, who is injured by the breaking of a hook attached to a crane on a tenement house when hoisting a basket of coal for delivery to one of the tenants, has the same rights against the landlord that the tenant would have, *quære*.

TORT by the employee of a coal dealer against a corporation owning and maintaining a tenement house in Clinton for injuries caused to the plaintiff by the breaking of a hook at the end of a rope running over a wheel attached to the building, while the plaintiff was hoisting a basket of coal for delivery to one of the tenants of the defendant.    Writ dated March 8, 1894.

The case was first tried in the Superior Court, before *Hopkins*, J., who directed a verdict for the defendant.    The plaintiff alleged exceptions which were sustained by this court in a decision reported in 170 Mass. 471.

At the new trial in the Superior Court, before *Gaskill*, J., the defendant asked the judge to make the following rulings :

1. There was no sufficient evidence to warrant a verdict for the plaintiff.    2. In order to recover, the plaintiff must prove that the apparatus had become defective since the tenement was let to the tenant Dias, and the defendant is not liable for an original defect in the apparatus.    3. The tenant took the apparatus in the condition in which it was at the time of the letting, and the landlord is not liable for the condition of the apparatus at the time of the letting, even if the jury should find that it was reserved by the landlord under the conditions before stated.

The judge declined to give the first ruling and upon the question raised by the second and third rulings prayed for, instructed the jury as follows :

" Now with reference to the allegation of the plaintiff that that original fall and tackle as put originally there was defective at the outset, and was unsafe for the purpose for which it was intended. The law which I give to you with reference to that is this, — that if that tackle when originally put in place, and when the tenement upon the fifth floor was rented to Dias, was in a condition such that Dias knew or ought to have known what its condition was, then if no change took place in that condition down to the time of the accident, the plaintiff cannot recover. If, however, you find that Dias did not know and could not by the exercise of ordinary inspection and care have known what the condition of that tackle was, but that the defendant did know or ought to have known that it was unsuitable and unsafe for the use for which it was contemplated, then so far as the original construction was concerned there might be liability but only upon that ground, because the general rule is that a tenant in going into a tenement hired by him, which he has opportunity to inspect, nothing hidden, takes that tenement exactly as he finds it, and he cannot impose upon the landlord the duty to change that tenement or its appliances; he takes his risk; he is not obliged to hire, but if he sees it and there is nothing hidden, then he assumes so far as the defendant is concerned, or the landlord, the condition of things as it is.

" The variation from that proposition which I have made to you is important if you find it to have existed, and that is, if Dias did not know although it was apparent, or ought not reasonably to have been expected to know from inspection of the premises that that was unsuitable, and the defendant did know or ought to have known that it was unsuitable, then there is an element of responsibility and obligation and of possible liability."

The defendant excepted to the refusal to give the rulings prayed for and to the instructions given so far as they differed from those requested. Instructions not excepted to were given as to reservation of control of the apparatus in question by the landlord and all other parts of the case. The evidence was substantially the same as at the former trial with the addition of the evidence then excluded and now admitted under the decision of this court. A statement of the evidence at the former

trial and of the evidence then offered and excluded will be found in 170 Mass. 471.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding,* (*J. Smith* with him,) for the defendant.

*J. W. Corcoran,* for the plaintiff.

HOLMES, C. J.    This is an action for personal injuries caused by the fall of a basket of coal upon the plaintiff's head.    The plaintiff was hoisting the coal to a tenement in a building owned by the defendant, by means of a pulley and tackle attached to a crane by a hook, and the hook broke.    The case has been tried a second time, and the evidence at the second trial was so similar to that which already has been held to entitle the plaintiff to go to the jury that we assume without further argument that the defendant's first exception is disposed of by the former decision.    170 Mass. 471.

But for reasons which sufficiently appear on the face of the report, the former decision cannot be taken to lay down any general principle.    It states the right of the plaintiff to go to the jury and the admissibility of certain evidence now admitted, but it does not establish the ground of the defendant's liability, or help us in deciding whether the second ruling asked by the defendant should have been given or whether the instruction given in place of it was right.

The instruction asked was that " in order to recover, the plaintiff must prove that the apparatus had become defective since the tenement was let to the tenant Dias, and the defendant is not liable for an original defect in the apparatus."    The jury were instructed that if the tenant did not know and could not have known by the exercise of ordinary care and inspection what the condition of the tackle was, but the defendant did know or ought to have known that it was unsuitable, they might find for the plaintiff on the ground of the original construction. The ruling, it will be seen, made the defendant answerable not only for what it knew, but for what the jury might say that it ought to have known.

The knowledge of the tenant of course would be immaterial except on the hypothesis that the plaintiff was to recover, if at all, as standing on the tenant's right.    We express no opinion

as to the validity of this or any other ground of recovery, but if the recovery was to be on this ground we are of opinion that the instruction went too far and that the ruling asked should have been given.

There was no evidence that the defendant knew of any secret defect in the hook which would make it a trap to a tenant not equally informed. If, then, the hoisting apparatus had been let with the upper tenement to which it was attached, the principle of *caveat emptor* would have been applied. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Bowe* v. *Hunking*, 135 Mass. 380, 384.

If merely the use of the hoisting apparatus was let in connection with this and other tenements, the rule as to the original condition of the apparatus would be the same. It would be anomalous to apply one rule to the principal object demised and another and severer one to something incidentally annexed. No doubt when the lessor retains control he owes a duty, and, in some cases where the point which we now are considering was not before the mind of the court, the duty has been spoken of in a general way as a duty to keep the article or place reasonably safe. But when attention has been directed in any way to the condition of things at the beginning of the lease, it has been recognized as the general rule that the tenant must take things as he finds them, and if they then are unsafe, cannot complain. There is no implied undertaking or duty on the landlord's part to make things better than they are. *Quinn* v. *Perham,* 151 Mass. 162. *Moynihan* v. *Allyn,* 162 Mass. 270. *Freeman* v. *Hunnewell,* 163 Mass. 210. *Roche* v. *Sawyer,* 176 Mass. 71.

The only extension of liability beyond this limit is in the case of hidden defects actually known to exist. As the landlord makes no contract concerning the condition of the premises at the time, the only ground on which he can be held is that he unconscionably is leading the other party into a trap. *Minor* v. *Sharon,* 112 Mass. 477, 487. *Cowen* v. *Sunderland,* 145 Mass. 363, 364. The duty when it exists is only a duty to inform the tenant of the danger, and " there can be no such duty without knowledge of the defect." *Bowe* v. *Hunking,* 135 Mass. 380, 383. The suggestion of a stricter rule in *Lynch* v. *Swan,* 167 Mass. 510, 512, is merely a dictum, and is not sustained by the

cases cited, which are cases dealing with knowledge of defects possibly arising after the letting. The duty to use reasonable care to keep a staircase safe, up to the standard of the date of the lease, might not be met by a proof of ignorance that the staircase had decayed. *Lindsey* v. *Leighton*, 150 Mass. 285. *Leydecker* v. *Brintnall*, 158 Mass. 292. *Wilcox* v. *Zane*, 167 Mass. 302.

Our decision seems to us in accord with the more authoritative cases. *Doyle* v. *Union Pacific Railway*, 147 U. S. 413, 424, *et seq. Edwards* v. *New York & Harlem Railroad*, 98 N. Y. 245. The views expressed in *Willcox* v. *Hines*, 100 Tenn. 538; *S. C.* 96 Tenn. 148, 328, and 34 L. R. A. 824, do not command our assent. No doubt a duty to take reasonable care to secure reasonable safety might be imposed upon landlords on grounds of policy, irrespective of the condition at the date of the lease. But we see no sufficient reason for departing from the general rule when we consider the relation of landlord and tenant from the point of view of contract, and if there is no implied undertaking to give the tenant more than he hires, we can see no ground for holding a landlord liable in tort for not making the same improvement or for not mentioning what he did not know. In the opinion of a majority of the court the exceptions should be sustained.

*So ordered.*