## RUFINA M. JORDAN *vs.* JAMES J. SULLIVAN.

Suffolk.   January 20, 1902. — May 21, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Nuisance.   Landlord and Tenant.* ·

One who attends a meeting in a public hall at the invitation of a lodge whose
members have hired the hall has no greater rights against the landlord than the
members who invited him, and cannot maintain an action for injuries sustained
because the entrance to the building was not a better one or because a gas jet
should have been put in to light the landing at the foot of the staircase.

TORT for injuries caused by the plaintiff stumbling over a
step at the entrance of the staircase leading to Arcanum Hall
in that part of Boston called Jamaica Plain, against the owner
of the building, alleging faulty construction and insufficient
lighting.   Writ dated October 12, 1898.

In the Superior Court *Maynard,* J. ordered a verdict for the
defendant; and the plaintiff alleged exceptions.

*I. R. Clark,* ( *G. F. Ordway* with him,) for the plaintiff.

*L. M. Friedman,* for the defendant.

LORING, J.   This is an action for damages caused by falling
over a step at the entrance of a flight of stairs leading to a public
hall owned by the defendant.   The hall had been let for the
installation of a new lodge of the New England Order of Pro-
tection.   Whether the plaintiff came to the hall for her own
curiosity and convenience, as the plaintiffs did in *Plummer* v.
*Dill,* 156 Mass. 426, and *Coupe* v. *Platt,* 172 Mass. 458, or as an
invited guest is not plain; but, in our opinion, that is not mate-
rial.   The hall was up one flight of stairs and was reached from
the street by going through a vestibule to a landing, called in
the bill of exceptions an inner hall, and then up a flight of
stairs.   The floor of the landing was one step higher than the
floor of the vestibule.   The inner door of the vestibule was on
·the outer edge of the floor of the landing and opened out into
the vestibule.   The outside door of the vestibule also opened
outward.

The plaintiff got to the hall between seven and eight o'clock

on the evening of January 31. It was a stormy night and snowing heavily. There were no lights outside the outer door. It appeared that two persons went through the two doors before the plaintiff and that the doors closed, or were closed, after them. The plaintiff opened the outer door and found herself in the vestibule, which was entirely dark. She found the knob of the inner door by feeling for it, opened it, and without looking to see if there was a step up went straight along, fell over the step up, and broke her arm. She testified that she never had been to the hall before; that she did not know that the hall was upstairs, but " thought she was going into an entry and then into the hall." She did not look to see whether there was a step, because it was so dark she could not see, and " because she thought this hall was built like the hall of her own lodge." On the evidence it could have been found that it was really dark at the landing at the time in question even after the inner door had been opened. The only means provided for lighting the landing at the foot of the stairs came from one gas jet at the head of the stairs behind a portière. The rod of the portière was three and a half feet from the ceiling, and when it was drawn across the head of the stairs the only light coming to the landing was that which came through this three and one half foot space. This gas jet was lighted on the night in question, and there was evidence that at the time of the accident the portière was drawn wholly, or nearly wholly, across the head of the stairs.

It appeared by the agreement of hiring that the hall was to be heated and lighted by the defendant; it also appeared that the janitor of the building was present on the premises when the first member of the new lodge arrived there on the night in question. There was no other evidence on the question whether the entrance was in the control of the defendant or not. It is plain that the defendant was not in control of the curtain. The curtain was manifestly put where it was to shut off the stairs from an anteroom at the head of the stairs on the left from the main entrance to the hall, which was across the entry at the head of the stairs on the right. We are of opinion that *Roche v. Sawyer*, 176 Mass. 71, is decisive of the matter.

If the plaintiff was invited to the hall at all, it was as a guest

of the lodge which was to be installed. It is plain that the members of the lodge who hired the premises cannot be heard to say that the entrance was not a better one and that the construction should have been changed by putting up a gas jet to light the landing at the foot of the stairs. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Lindsey* v. *Leighton,* 150 Mass. 285. And it was settled in *Roche* v. *Sawyer* that one who comes on the premises as an invited guest of the tenant comes in under the tenant and has no greater rights than he has.

The plaintiff in *Learoyd* v. *Godfrey,* 138 Mass. 315, did not enter on the common passageway on the invitation of the tenant alone, but he came there as a public officer in the discharge of his duty. As the passageway was one within the control of the defendant and was the way provided by him for access to the tenement let by him, to which the plaintiff's duty called him, the defendant was under the duty of using due care to make the way safe as against the plaintiff, even if it were necessary to change the construction, although he was not under such an obligation as against a tenant and those coming under the tenant's rights.

The plaintiff is not helped by *Oxford* v. *Leathe,* 165 Mass. 254. In that case the landlord was held liable for a defect which was on the premises when they were let, on the ground on which a landlord is liable for a nuisance which is on the premises when a lease is made, namely, on the ground that he has been paid for the very use of the property which has been made of it, and, having been paid for that, he is liable if it was defective when put to that use. The principle of that case is that the landlord is liable as well as the tenant. Whether the plaintiff would have a remedy against the lodge if she was invited by them is an open question. *Coupe* v. *Platt,* 172 Mass. 458. *Plummer* v. *Dill,* 156 Mass. 426. But it was held in *Roche* v. *Sawyer* that however it may be with the tenant, a landlord is under no greater liability to the guests of a tenant than he is to a tenant. And there is nothing here to show that the landlord contemplated the use of the hall by guests within the meaning of that word in cases like *Oxford* v. *Leathe.*

*Exceptions overruled.*