DOUGLAS *v.* MARSH.

1. TRIAL—OPENING STATEMENT—CASE MADE.
    Counsel cannot, in his opening statement, cover a case not made in the declaration.

2. PLEADINGS—DUPLICITY—OBJECTION—HOW RAISED.
    Duplicity in a count cannot be made the subject of objection at the trial, but should be made the subject of special demurrer.

3. SAME—TWO THEORIES IN ONE COUNT.
    Though it is better pleading to set out two possible theories in separate counts, unless one averment negatives the other, the objection of duplicity is not tenable.

4. MASTER AND SERVANT—PERSONAL INJURIES—SERVANT OF INDEPENDENT CONTRACTOR—LIABILITY OF OWNER OF PREMISES.
    Under certain circumstances the owner of premises may be liable for injuries resulting to an employé of an independent contractor by reason of defects in the premises. The liability does not exist in all cases where the premises or machinery are out of repair, neither does it grow out of the contract with the occupant, there being no privity; nor does it arise, ordinarily, where the defect is open, or known equally to the
    141 MICH.—14.

tenant or occupant, if it does not amount to a public nuisance.

5. Same — Injuries to Servant — Declaration — Alternative Allegations—Special Demurrer.

Where a declaration, in an action for personal injuries, alleges that defendant employed plaintiff in a sawmill; that it was defendant's duty to provide a safe steam boiler to operate the mill; that if a third person was using a steam boiler in the business of defendant, under contract with him or otherwise, it was defendant's duty to furnish a safe boiler; and that defendant negligently furnished a defective boiler which exploded, injuring plaintiff, the objection that it alleges the existence of the relation of master and servant between defendant and plaintiff, and also alleges that defendant occupied the relation of owner of premises toward plaintiff, can only be reached by special demurrer, and not by motion for direction of a verdict.

Error to Osceola; McAlvay, J. Submitted April 27, 1905. (Docket No. 100.) Decided September 19, 1905.

Case by Adelbert E. Douglas, by his next friend, against Henry W. Marsh for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Charles A. Withey* (*C. H. Rose* and *J. E. Richardson*, of counsel), for appellant.

*Frank L. Fowler* (*A. J. Dovel* and *Hal. L. Cutler*, of counsel), for appellee.

Montgomery, J. The plaintiff brought suit to recover for personal injuries. The material averments of his declaration are quoted:

"For that, whereas, the said defendant heretofore, to wit, on the 11th day of January, 1904, and for a long time prior thereto, controlled and operated a certain sawmill, in connection with which he then and there had, for the purpose of supplying steam to operate said sawmill, a certain steam boiler, in the township of Hartwick, county and State aforesaid, for the purpose of manufacturing saw logs into lumber, etc. In the prosecution of said enter-

prise, at the place and time aforesaid, the defendant employed various persons, among whom was said plaintiff, Adelbert E. Douglas, who was then and there engaged in working for the defendant for hire in defendant's said sawmill, in the capacity of slab sawyer.

"Whereupon it became and was the duty of said defendant to so equip, conduct, and operate his said sawmill, and so conduct his business in connection therewith, that no unusual risk or hazard should attend the work of said plaintiff, and to that end it then and there became the duty of said defendant to use in connection with said mill a good, strong, safe, and sufficient steam boiler, and to employ a well-qualified, good, and efficient man to act as fireman and engineer, to make and keep up steam, and attend to the same, and everything in connection therewith pertaining to said boiler, while operating the same in connection with said sawmill, and to have upon, about, and for use in connection with the said steam boiler all the usual, necessary, and expedient appliances, attachments, and contrivances, such as water glasses, steam gauges, low water or danger signal whistles, steam pipes, etc., and to have the same and every part thereof at all times in good order and working condition.

"And if any other person or persons was or were then and there operating said mill and using said steam boiler and the other appliances aforesaid in the business of said defendant, under contract with him or otherwise, it then and there became the duty of said defendant to furnish for the use of such person or persons a good, strong, safe, and efficient steam boiler, and all of the aforesaid connections, appliances, and attachments in good working order and safe and efficient condition, all of which said several duties the defendant, at the time and place aforesaid, neglected and carelessly failed to observe, and failed to furnish the boiler and other appliances named above in the condition there stated, and failed to have the same in his said sawmill, but, on the contrary thereof, then and there furnished and supplied for use in and about his said sawmill, and then and there had in use in and about his said sawmill, an old, poor, weak, insufficient, and dangerous steam boiler, which had been at various times before that patched in, to wit, three different places, and had to the knowledge of said defendant before that been condemned as unfit and unsafe for use by persons skilled in the art of inspecting and using steam boilers, and then and there also furnished

and supplied and had in use in said sawmill, in connection with said steam boiler, poor, improper, insufficient, and dangerous appliances, connections, and attachments, such as water glass or glasses, steam gauges, and low water signal whistle, so that said steam boiler could not be safely and well operated, and then and there also negligently had in the employ of said defendant, as fireman and engineer, or both, one L. L. Noyes, who was, at the time and place aforesaid, in charge of said steam boiler, and whose duty it was to look after, attend to, and operate the same; he, the said L. L. Noyes, being then and there, to the knowledge of the said defendant, incompetent, careless, and unfit for that position and service.

"Because and on account of which several acts of negligence on the part of said defendant, some or all of them, the said steam boiler, at the time and place aforesaid, exploded with great and extreme force and violence, thereby disrupting and tearing to pieces the shell and other portions of said boiler, and scattering them about in fragments, by means of which the building in which defendant's said boiler and sawmill were then and there located was torn down and to pieces, and blown about, and said infant plaintiff, Adelbert E. Douglas, was then and there struck by some portion or portions of said steam boiler, or of said mill building, or other things or substances then and there put in motion by said explosion, and badly cut and bruised about the head and face, and in or near the left eye of said plaintiff, and was also then and there terribly burned by the steam or hot water, or both, which then and there escaped from said boiler and upon and against the said plaintiff."

The plea was the general issue. On the trial, plaintiff's counsel, in his opening statement, followed the lines of his declaration, and stated, in effect, that he was unable to state whether the plaintiff was working for defendant or one Scotford. At least, we so interpret the statement; but whether we are placing too narrow a construction on this claim or not is, in our opinion, quite immaterial, for we agree with the circuit judge that the opening statement could not cover a case not made in the declaration. On defendant's motion, the court, after the opening statement had been made, directed a verdict for the defendant.

The grounds of this direction were stated by the circuit judge as follows:

"The objection is made by the defendant, upon the ground stated, claiming that the declaration in this case is not sufficient, does not allege specifically a sufficient cause of action, and does not apprise the defendant in this suit upon what his liability is based; it being alleged that the relation of master and servant existed, and also an allegation in connection with that, alleging either alternatively or disjunctively a different relation, which would be the relation of owner to a lessee or contractee. And the claim is made that on account of these allegations being different, as far as any liability, if any existed on the part of the defendant, is concerned, and it not appearing to the defendant at this time, upon the pleadings, what liability is claimed as against him will be relied upon, whether he is the master in relation to the plaintiff, or was at the time of the injury, or whether he sustained the relation towards him of owner of the premises and not as a master. * * *

"It appears to me that the pleading is not such a pleading upon which a court should allow the plaintiff to go to trial; in other words that it is specific and sufficient, and within the rules of pleading, and the court cannot see his way clear to allow the case to proceed upon such a pleading, and that the court ought not to wait, and it would not be the proper thing for the court to wait, until all the proofs were in on the part of the plaintiff, and then for the court to say what relation existed between these parties, or what would be the nature of the liability, if any, of the defendant in this suit."

It will be noted that the objection made was not that there was any technical failure to aver sufficient facts to establish a liability on the part of the defendant as owner, but the distinct point ruled was that the declaration, being in the alternative, was too uncertain in its statement to sustain a verdict. It is the settled rule that duplicity in a count cannot be made the subject of objection at the trial, but should be made the subject of special demurrer. 7 Enc. Pl. & Prac. pp. 243, 244. See, also, *Fuller* v. *City of Jackson*, 82 Mich. 480. It would have been better pleading to set out the two possible theories in sepa-

rate counts; but unless the one averment negatives the other, the objection of duplicity was not good.

It is conceded by defendant's counsel that under certain circumstances the owner of premises may be subject to an action for injuries resulting to an employé of an independent contractor by reason of defects in the premises. The authorities sustain this view. It is true that liability does not exist in all cases where the premises or machinery are out of repair. Such liability does not grow out of the contract with the occupant, for as to this there is no privity. Nor does it arise, ordinarily, where the defect is open, or known equally to the tenant or occupant, if such defect does not amount to a public nuisance. See, on this subject, *Johnson* v. *Spear*, 76 Mich. 143; *Lake Superior Iron Co.* v. *Erickson*, 39 Mich. 492; *Kern* v. *Myll*, 80 Mich. 525, 94 Mich. 477 (8 L. R. A. 682); *Samuelson* v. *Mining Co.*, 49 Mich. 164; 4 Thompson on Negligence, § 3736; *Fowles* v. *Briggs*, 116 Mich. 425; *Griffin* v. *Power Co.*, 128 Mich. 653 (55 L. R. A. 318); *Brady* v. *Klein*, 133 Mich. 422 (62 L. R. A. 909). For conflicting views as to what nonfeasance of the landlord is actionable, see *Willcox* v. *Hines*, 100 Tenn. 538 (41 L. R. A. 278); *O'Malley* v. *25 Associates*, 178 Mass. 555.

The plaintiff's counsel contend that, it being true in law that the owner, as such, is in some circumstances liable, even though the work upon the premises be performed by an independent contractor, the averments in this declaration amount to no more than an assertion that the plaintiff does not rely upon the relation of master and servant. To this it is replied that the declaration does not set up sufficient facts to show that the defendant, as owner, was guilty of negligence of which the plaintiff as an employé of Scotford can complain. If this question had been raised by demurrer—possibly if it had been distinctly raised and made the ground of the court's ruling on the trial—it would be of considerable force. But if it had been raised on the trial the declaration could have been amended, and it cannot be presumed either that plaintiff would have failed to

supply the defect, or that the court would have refused to permit the amendment. *Ross* v. *Township of Ionia,* 104 Mich. 320. This infirmity was not, however, pointed out. We are constrained to hold that such of the defects as were made the subject of a distinct ruling by the court were of a character only subject to attack by special demurrer. We think the court erred in directing a verdict.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and GRANT, BLAIR, and OSTRANDER, JJ., concurred.