## BENJAMIN BAUM *vs.* EMILY B. AHLBORN.

Essex. November 9, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Landlord and Tenant. Negligence,* Of one owning or controlling real estate. *Elevator.*

An employee of a subtenant of a part of a floor of a building, in which there is a freight elevator for the use of tenants, who operate it in the transportation of materials, cannot recover from the owner of the building for an injury caused by the elevator not resting evenly on the floor of the well before being started, if at the time of the accident the construction and the condition of the elevator were the same that they were and appeared to be when the employer of the person injured became a subtenant in the building, and if the uneven resting of the elevator was due to rubbish or waste allowed to accumulate beneath it by the tenants without fault of the owner of the building.

TORT for personal injuries, resulting in the loss of a part of the thumb of the plaintiff's left hand, sustained on March 9, 1911, in a freight elevator in the building numbered 2 on Box Place in Lynn, owned by the defendant. Writ dated May 15, 1908.

In the Superior Court the case was tried before *Harris,* J. The plaintiff put in evidence the answers of the defendant to interrogatories filed by the plaintiff, and called as witnesses one Gardiner, the tenant of the whole building, who is referred to in the opinion, and one Green, the engineer of the building, employed by the defendant. At the termination of Green's testimony, the plaintiff, at the suggestion of the judge, made an offer of proof covering the rest of the evidence on which he relied. The facts which could have been found upon the evidence introduced and offered by the plaintiff are stated in the opinion.

At the close of the plaintiff's offer of proof the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, which after the resignation of *Harris,* J., were allowed by *Pierce,* J.

*A. T. Johnson,* for the plaintiff.

*G. E. Kimball,* for the defendant.

BRALEY, J. The defendant is the owner of a building, in which is a freight elevator for the use of tenants, and in the

transportation of materials it was operated by the tenants who rode up and down upon it with the freight. On the day of the accident the plaintiff, accompanied by one of his employers, entered the car and, while he was adjusting a lifting bar which he carried, a slight movement of the elevator followed. To avoid a fall, he involuntarily reached out his left hand and, in some way not clearly described, his thumb passed in between the lifting pin and the plate under the cross beam, and, the elevator being simultaneously started by his employer, the thumb was crushed to the first joint. The jury could have found that if the car had rested evenly on the floor there would have been no space between the pin and the plate, and that the hoisting cable would not have tightened causing the lifting tongue to be drawn up.

If it be assumed that the posted notice that the elevator was not in repair referred to a defective car, formerly in use but which had been replaced by the new car then in operation, and that the evidence offered by the plaintiff would have warranted a further finding that he was not careless, yet he could not recover without proof that his injury was caused by the defendant's negligence in the discharge of some duty which she owed him.

The entire building had been leased to one Gardiner for a term of years, and upon its expiration he continued in occupation as tenant at will, and sublet a part of the third floor to Kenney and Besant, the plaintiff's employers. The lease contained no reference to the elevator, yet under the demise, as well as under the tenancy at will, it was oiled and kept in repair by the engineer in the defendant's employ, who had charge of the engine and boilers of the steam plant, and the engine and elevators in the building. It was a question of fact, in view of her admission in answer to the interrogatories and the testimony of the lessee and the engineer, whether the defendant retained control, or whether the making of repairs and supervision of the engineer were mere voluntary acts for the accommodation of tenants. *Kearines* v. *Cullen*, 183 Mass. 298. The evidence that she had procured a policy of insurance indemnifying her against liability for accidents, and had made changes in construction after the accident also was competent for this purpose. *Perkins* v. *Rice*, 187 Mass. 28, 30. *Readman* v. *Conway*, 126 Mass. 374. But its exclusion did not harm the plaintiff. The evidence, even when viewed

in the light most favorable to him discloses no alleged defects which were not obvious, and no change in the condition or construction of the elevator at the time of the accident which did not exist when the building was let.

The accumulation of waste or rubbish on the floor of the well, which prevented the car from exactly resting in the position designed, even if contributing to the accident, formed no part of the construction, nor did it appear that the defendant was responsible for its deposition, which had been caused solely by tenants.

The plaintiff of course possessed no higher rights than the subtenants by whom he was employed, and as they hired the premises with an elevator thus constructed and operated, the defendant was under no obligation to them or their employees to make changes. *Freeman* v. *Hunnewell*, 163 Mass. 210. *Miles* v. *Janvrin*, 200 Mass. 514. *Nash* v. *Webber*, 204 Mass. 419. *O'Malley* v. *Twenty-five Associates*, 178 Mass. 555, 558.

*Exceptions overruled.*