PETERS v. DETROIT & MACKINAC RAILWAY CO.

1. Damages—Personal Injuries — Appeal and Error — Railroads.

Damages of $1,000 for injuries to plaintiff's foot from a defective platform at defendant's railway station, resulting, as his testimony tended to prove, in a flat foot, was not so excessive, if his testimony was credited, as to require the court to set aside the verdict.

2. Negligence — Contributory Negligence — Trial — Intoxication.

Where defendant railway company asked the court to charge the jury, in a personal injury case, that if plaintiff was, at the time of his injury, so under the influence of liquor as to have lost such control of his brain and muscles as a man of ordinary prudence and caution, in full possession of his faculties, would exercise, he had thereby contributed to his alleged injury so as to preclude his recovery, the request was rightly denied, as it proceeded on the assumption that his condition would necessarily contribute to the injury, and that was an inference for the jury to draw.

3. Carriers—Platforms—Railroads—Joint Liability.

Where both defendants, in an action for injuries to a passenger, used a station and platform jointly, one of

them owning the premises and permitting the other to make use of them, they were jointly liable for an injury caused by a defect in the platform, although the corporation which owned the premises had bound itself by contract to keep them in repair, plaintiff being at the station to become a passenger of the tenant or licensee.

Error to Bay; Collins, J. Submitted November 25, 1913. (Docket No. 73.) Decided January 5, 1914.

Case by Harvey N. Peters against the Detroit & Mackinac Railway Company and the Pere Marquette Railroad Company for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*Henry, Henry & Henry (James McNamara,* of counsel), for appellant Detroit & Mackinac Railway Co.

*Bills, Parker, Shields & Brown (Gillett & Clark,* of counsel), for appellant Pere Marquette Railroad Co.

*Hall, De Foe & Henry,* for appellee.

OSTRANDER, J. Plaintiff, claiming to have been injured because of a defect in the platform at a railroad station used by both defendants in Bay City, sued both defendants in an action on the case, and a verdict for $1,000 was returned in his favor against both defendants. A motion for a new trial was made by each of the defendants and was overruled. Both excepted to the refusal to grant a new trial, both have assigned errors, and both review the action of the trial court on error. That there was a defect in the platform, and that plaintiff's foot was caught therein, is not disputed. His status as a passenger intending to take a train of the Detroit & Mackinac Railway Company, then at the station, is not disputed. The extent of the injury plaintiff suffered is questioned by both defendants, and each of them com-

plains also because a peremptory instruction in its favor was refused by the trial court. Each assigns errors upon rulings admitting and excluding testimony, upon the refusal to charge as requested, and upon the charge as given.

The nature and extent of plaintiff's injuries were questions which the court properly submitted to the jury. The verdict returned seems excessive only when the testimony of plaintiff is discredited. It is not so inconsistent with the testimony of the physicians as to what might have resulted that it must therefore be discredited. Indeed it receives some support from the medical testimony which refers the cause of flat foot, from which plaintiff is suffering, in some cases to a weakening of the ligaments connected with the bones in the foot. Whether plaintiff should otherwise be discredited was a question peculiarly for the jury. We cannot say that the verdict was excessive.

Examining the charge in connection with the requests to charge, we find no room for just criticism. There was testimony tending to prove that when he was injured plaintiff had been drinking—was more or less intoxicated—and upon this subject the court was asked by one of the defendants to say to the jury:

"If you find the plaintiff to have been so under the influence of liquor as to have lost such control of his brain and muscles as a man of ordinary prudence and caution in the full possession of his faculties would exercise, I charge you as a matter of law that plaintiff has so contributed to his alleged injury as to preclude a recovery on his part, and that your verdict shall be for the defendant the Detroit & Mackinac Railway Co. of no cause of action."

It is said that this statement of the law is applicable, was approved in *Strand* v. *Railway Co.,* 67 Mich. 380, 385 (34 N. W. 712), and should have been given *verbatim*. The language of the request is not

that of .the rule stated by this court in that case, as a reference to the report will disclose, although by a process of reasoning it might be said that the request and the rule stated by this court mean the same thing. The charge of the court in the case at bar was:

"If you find that the accident was caused by the fact that plaintiff was intoxicated, and that it would not otherwise. have occurred, then your verdict must be for defendant"—

which plainly presents the element of a condition *contributing* to an injury. The request preferred assumes that the condition described would necessarily contribute to the injury which was received, a conclusion which the jury, without further instruction, might or might not feel themselves at liberty to reach.

We do not find in the other assignments of error reason for reversing the judgment, unless it is, true, as is claimed by both defendants, that one or the other of them is not liable to the plaintiff. The contention in this respect arises from the following facts: The premises are the property of the Pere Marquette Railroad Company. It had admitted the other defendant to make a terminal passenger station upon the premises. There is one station and one passenger station house, used by both of them. The platform and approaches are used by passengers of both roads, and the ticket agents and baggagemen employed by the Pere Marquette Railroad Company perform the duties of their positions for both roads. The respective rights and duties of defendants are evidenced by a written agreement which, in part, appears in the record. For the defendant Pere Marquette Railroad Company it is asserted:

"*First.* That the defendant Pere Marquette Railroad Company was in the position of a mere owner of leased premises; the failure to repair being con-

structively that of the lessee. That it is therefore not liable even if the defect could be considered as a trap or nuisance.

"*Second.* That inasmuch as the hole could not be considered as a trap or nuisance, the Pere Marquette Railroad Company would not have been liable to plaintiff, as a mere licensee, even though it had been under some obligation to keep the premises in repair.

"*Third.* That in view of the undisputed facts and the entire lack of proof tending to establish the conditions necessary to impose liability upon a landowner under such circumstances, a verdict should have been directed for the defendant Pere Marquette Railroad Company as requested."

For the defendant Detroit & Mackinac Railway Company it is said that when the owner of premises is in possession of them and is by agreement with a tenant or licensee bound to keep them in repair, the owner is alone liable for any injury resulting from a defective condition of the premises. The cases of *Fisher* v. *Thirkell*, 21 Mich. 1 (4 Am. Rep. 422); *Johnson* v. *McMillan*, 69 Mich. 36 (36 N. W. 803); *Petz* v. *Brewery Co.*, 116 Mich. 418 (74 N. W. 651, 72 Am. St. Rep. 531); *Maclam* v. *Hallam*, 165 Mich. 686 (131 N. W. 81); *Brady* v. *Klein*, 133 Mich. 422 (95 N. W. 557, 62 L. R. A. 909, 103 Am. St. Rep. 455, 2 Am. & Eng. Ann. Cas. 464); *Douglas* v. *Marsh*, 141 Mich. 209 (104 N. W. 624); *Habina* v. *Electric Co.*, 150 Mich. 41 (113 N. W. 586, 13 L. R. A. [N. S.] 1126); and other cases—are cited, and some of them are relied upon by each of the defendants. Those cases, involving only the rights of owner and licensee, are plainly not in point.

Nor is it necessary to consider the rights and duties of defendants under their agreement. Liability of either defendant must rest upon some duty owed to plaintiff, not performed; and, if both owed the same duty, and neither performed it, it would seem that joint liability should result. Such a result

will neither invade nor create an exception to the general rule followed in the cases above cited.

Did both defendants owe to plaintiff the duty to maintain the premises in a reasonably safe condition? Of this we have no doubt. They united in extending to him the invitation to come upon the premises. From the joint invitation and the business carried on there by both arose the joint and several duty. The defective condition was a. decayed plank, through which, in traveling the platform to which he was invited by both defendants, plaintiff's foot was inserted, caught, and held. Whether, if plaintiff's business there had been with the Pere Marquette Railroad Company only, the Detroit & Mackinac Railway Company would have owed him a duty is a question not presented.

We find no error, and therefore affirm the judgment.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.