JAMES T. LINDSEY *vs.* LYMAN LEIGHTON.

Worcester.    October 1, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Landlord and Tenant — Knowledge — Due Care — Exceptions.*

At the trial of an action for personal injuries, occasioned by a defect in a flight of steps leading to a tenement occupied by the plaintiff as a tenant at will and let to him by the defendant, there was evidence that the defendant assumed to be the owner of the tenement, title to which was in his wife, and conducted himself as such both before and after the accident, and assumed the position of landlord, and as such contracted with the plaintiff; and that such defect had existed from the time the plaintiff hired the tenement. *Held*, that refusals to rule that there was no evidence from which the jury would be authorized to find that the defendant was the plaintiff's landlord, and that it was necessary to show that the defendant had actual knowledge of the defect, were correct.

No exception lies to the refusal to give an instruction to the jury upon a question not in issue.

TORT for personal injuries occasioned to the plaintiff by falling down a flight of steps leading from the street to a tenement which he occupied, and which was let to him by the defendant.

At the trial in the Superior Court, before *Blodgett*, J., there was evidence that the steps afforded the only means of access from the street to the tenement; that there was a platform at the head of the flight of steps; and that on the evening of October 11, 1888, the plaintiff in going to his tenement stepped upon a loose board or plank in the platform, which tipped up and threw him down the steps, causing the injuries. It was admitted that the record title to the tenement was in the defendant's wife.

Upon the question whether the plaintiff was the defendant's tenant, there was evidence tending to show that, in November, 1887, the plaintiff called upon the defendant, and asked him if he had a tenement to let, and that the defendant said, "Yes," and gave the plaintiff the key to the tenement in question, which the plaintiff afterwards occupied; that, in talking with the defendant about repairs to the tenement, the defendant said that he should not do much in the way of repairs, because he intended to make a change in the building; that the plaintiff paid the rent in full for each month, from December 1, 1887, to October, 1888, to the defendant, who nearly always gave receipts therefor in his own name; that after the accident the plaintiff told the defendant that he had been injured, and, although no claim for damages was made, the defendant said that, if it was anything he was to blame for, he was ready to make it right, and that he would see the plaintiff again about it. The defendant testified that he never told the plaintiff that his wife owned the premises; that he let them at her request, and as her agent, and was accustomed to collect the rent and give receipts therefor in his own name; that he and his wife used the money so collected by him for her in common; that he did not keep it distinct from his own money, but sometimes paid it to her, and sometimes deposited it in the bank in his own name, and used it in his business. The defendant did not call his wife as a witness.

There was no evidence that the defendant had actual knowledge of the defect in the platform before the accident; but there was evidence that at the time of the accident the steps and platform were in the same condition and in the same place as when the plaintiff hired the premises; that in the summer of 1888 the defendant was notified that the steps were out of repair and dangerous; and that the defendant passed over the

steps from time to time when he went to the building to collect the rent and for other purposes.

The defendant asked the judge to rule as follows:

1. " That the plaintiff could not maintain his action, on the ground that there was no evidence from which the jury would be authorized to find that the defendant was the landlord of the plaintiff at the time of the injury."

2. "If there was any defect in the platform or stairway, knowledge of that defect must be brought to the knowledge of the defendant before he can be charged with any liability therefor. If the jury find that there · was such a defect, but that it was not known to the defendant at or previous to the accident, then they must find for the defendant in this action."

3. " The obligation of the landlord to repair common ways and passages has not been extended so far as to require a reconstruction of the ways on a different plan, if the ways as they existed when the premises were hired were not altogether convenient or safe by reason of some fault in' the original plan which was apparent."

The judge refused so to rule and to give the instructions requested, and instructed the jury, in substance, that it was the duty of the defendant to use reasonable care to keep the platform and steps in proper condition, and that he would be liable, although he had no actual knowledge of the defect, if the plaintiff was injured solely because of the defendant's failure to use reasonable care to keep the steps in proper condition; and submitted the case to the jury, with other instructions not excepted to, except as they were inconsistent with those requested and refused.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. Smith,* for the defendant.

*J. W. Corcoran & H. Parker,* (*C. C. Felton* with them,) for the plaintiff.

C. ALLEN, J.    1.  It was a question of fact whether the relation of landlord and tenant existed between , the parties.  The actual ownership of the premises is only one element to be considered in determining this question.  One may be a landlord who is not the owner.  The tenant cannot escape from his obli-

gations by showing that his landlord had no legal title; nor can the landlord escape from his obligations by showing the same thing. The obligations of the tenant to his landlord, and of the landlord to his tenant, are reciprocal; and they depend upon the existence of that relation, and not upon the validity of the landlord's title. And the same rule is applicable in case of a tenancy at will. *Cobb* v. *Arnold,* 8 Met. 398, 402. *Hilbourn* v. *Fogg,* 99 Mass. 11. *Holbrook* v. *Young,* 108 Mass. 83, 85. The court properly refused to rule that there was no evidence from which the jury would be authorized to find that the defendant was the landlord of the plaintiff. The evidence tended to show that the defendant assumed to be the owner of the premises, and conducted himself as such, both before and after the accident, and assumed the position of landlord, and as such contracted with the plaintiff.

2. It was not necessary to show that the defendant had actual knowledge of the defect. His duty was that of due care; and ignorance of the defect was no defence. *Gill* v. *Middleton,* 105 Mass. 477. See also *Readman* v. *Conway,* 126 Mass. 374; *Looney* v. *McLean,* 129 Mass. 33; *Watkins* v. *Goodall,* 138 Mass. 533.

3. There was no occasion to give the third instruction asked for, since there was no question in the case which involved the necessity of a reconstruction of the platform on a different plan. The plaintiff did not complain of the plan of construction, but of the looseness of a board or plank.

*Exceptions overruled.*