ANNIE QUINN *vs.* ALMIRA M. PERHAM.

Suffolk. January 14, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Landlord and Tenant — Defect in common Passageway.*

A tenant at will cannot recover against her landlord for personal injuries occasioned by a defect in a common passageway owned by him, by which her tenement and several others let by him in the same building are reached, if she knew the condition of the passageway when her tenancy began, and if no substantial change has occurred therein since that time.

TORT, for personal injuries occasioned to the plaintiff by falling down a flight of stairs leading to a tenement occupied by the plaintiff as a tenant at will of the defendant.

At the trial in the Superior Court, before *Pitman,* J., there was evidence that the tenement was one of several tenements let by the defendant in the same building, and was situated on the second floor of the same; that the stairs in question led from the first floor to the second floor in the rear of the building, and were owned and controlled by the defendant; that these stairs were used in common by all the tenants in the building, and were the only means of access from the second floor to the cellar, which the tenants used for the storage of fuel and various other articles; that at the head of the stairs was a platform or landing from which access was had to the plaintiff's tenement through an entry; and that the plaintiff during the evening of March 16, 1888, while going with a light from her tenement through the entry to the stairs, stepped upon the platform, and, her foot being caught by a projecting piece or sliver of board, she was thrown down the stairs and injured.

The plaintiff testified that the premises were in the same condition at the time of the accident as when she hired it; that the platform was constructed of old, rough boards, which were covered with slivers and were coming to pieces; that she had frequently observed the condition of these boards during her tenancy as she passed over the stairs, and within a month of the accident had observed that the portion of the board against

which she struck her foot was sticking up; and that there had been no change in the condition of the boards since she had occupied her tenement, save what had been caused by the wear of the same.

The judge ruled that, on these facts, the plaintiff could not maintain an action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. O'Loughlin*, for the plaintiff.

*E. M. Bigelow*, for the defendant.

C. ALLEN, J. The general rule, that a landlord does not by implication warrant the fitness for use of a demised tenement, is not applicable to a common passage owned by the landlord, by which several tenements demised by him are reached. *Watkins* v. *Goodall*, 138 Mass. 533. The landlord's duty in respect to such passage is that of due care to keep it in such condition as it was in, or purported to be in, at the time of the letting. But he is not bound to change the mode of construction. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Lindsey* v. *Leighton*, 150 Mass. 285. If the only access to demised tenements is by means of a ladder, or a rough unprotected staircase which is little better than a ladder, a tenant who enters into possession knowing the facts must be content to take the risk. So if the floor of a passage is laid only with loose boards, he cannot complain that it is not made fast and tight. The present case falls within this principle. The plaintiff took a tenement with a poor approach, well knowing its condition. There was no change in it except such as might naturally be expected to occur. The floor of the passage, according to her own testimony, was composed of old, rough boards, coming to pieces, and she had often observed its condition; and there was no such special newly occurring change for the worse as imposed any duty of repair upon the landlord. In this respect the case differs from *Lindsey* v. *Leighton.*

*Exceptions overruled.*