### TENANT INJURED BY FALLING INTO CELLAR.

Court of Appeals for Hamilton County.

LOUISE STINSON v. FERD METZGER.

Decided, March 29, 1915.

*Landlord and Tenant—Damages for Personal Injuries Suffered by a Tenant by Reason of a Defect in a Common Passageway—Not Recoverable from the Landlord, When Tenant Knew of the Condition.*

A tenant will not be permitted to recover from her landlord for personal injuries caused by a fall through an open cellar door in a common passageway, where no claim is made that the landlord or his servants were in any way responsible for the door being left open and there had been no change in the passageway or the cellar door during the tenancy.

*Robert S. Alcorn* and *Thorndyke & Capelle*, for plaintiff in error.

*Gideon C. Wilson,* contra.

RICHARDS, J.

Error to the superior court.

The action was commenced in the Superior Court of Cincinnati by Louise Stinson to recover damages for personal injuries suffered by her in falling into a cellar, the cellar door having been left open. She was a tenant of the defendant, occupying the lower apartment in a three-story flat, certain other tenants using the second and third stories. Each of the tenants used the cellar or basement and obtained access to the same by a cellar way located in the rear of the flat. The premises had a common passageway leading from the street to the rear of the flat and thence turning at right angles around the building. The passageway at the rear where the cellar was located was unlighted and had remained in that condition ever since the plaint-

iff had occupied the premises. The cellar door when closed was even with the surface of the concrete passageway and the tenants frequently walked over the cellar door in order to get to the side of the door which enabled them to lift the door and enter the cellar way. On returning to her apartment after dark on the evening of the injury, the plaintiff walked along this unlighted passageway and the cellar door having been left open by some person, other than the defendant or his agents or servants, she walked into the same and was severely injured. The trial judge directed a verdict for the defendant and to this action error is prosecuted.

It appears from the bill of exceptions that no defect existed in the construction of the cellar door, and that it remained in the same condition all the time that the plaintiff occupied the premises as a tenant. She at one time complained to the landlord that no railing was placed around the entrance to the cellar, but it does not appear that he promised to erect any railing or barrier, and the conditions continued the same. Certainly it can not be said that a cellar door in a passageway is in and of itself an inherent defect. It is common knowledge that with the increased congestion incident to city life, such method of construction is very frequently resorted to. The landlord did not reside on the premises and no claim is made that either he or his servants were responsible for the door being left open on the occasion of the injury to plaintiff.

The principle applicable is stated in *Stackhouse* v. *Close et al*, 83 O. S., 339, in substance, that a lessor, out of possession and control, would not be liable to a tenant for personal injuries in the absence of deceit or of any agreement or liability created by statute. The circumstances disclosed in the record do not show any ground of liability against the landlord. The plaintiff knew when she rented the premises the exact condition of the passageway and the cellar door. There was no concealed defect and no misrepresentation. She got exactly what she bargained for when she rented the premises. It can not be successfully maintained that the condition tended to show the existence of a nuisance.

Counsel for plaintiff cite and rely on the case of *Hohly et al* v. *Sheely,* 21 C. C., 484, a decision of the circuit court in Lucas county; but an examination of that case discloses that evidence was submitted to the jury tending to show the active negligence of the owner of the premises and her agents, in the opening and shutting of the door and in the management of the same. The case, therefore, is not in point on the question now under consideration.

We think the rule of law applicable to the case at bar is well stated in *Quinn* v. *Perham,* 151 Mass., 162, where it is held that a tenant will not be permitted to recover against the landlord for personal injuries caused by a defect in a common passageway, if the tenant knew of the passageway when the tenancy began and if no substantial change had occurred during the continuance of the tenancy. This case is cited and explained in *Andrews* v. *Williamson,* 193 Mass., 82, 94.

The plaintiff's own testimony tends to show negligence on her part in walking along the passageway in the dark without ascertaining whether the cellar door was closed, and this conduct brings the case within the holding of the circuit court in *Dawson* v. *Seiberling,* 18 C.C.(N.S.), 267, for such evidence indicates that her own negligence was largely responsible for the unfortunate injury with which she met.

Finding no error, the judgment of the superior court will be affirmed.

CHITTENDEN, J., and KINKADE, J., concur.