HERMAN KENDALL *vs.* GARABED H. TASHJIAN.

Suffolk.    November 18, 1926. — February 5, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Landlord and Tenant,* Repairs.

Although a lease of the first floor of a four-story building contains a covenant that the lessee shall pay for all repairs and upkeep of the leased premises and there is no covenant by the lessor to make repairs, if there is no covenant by the lessee indemnifying the lessor or his successors in title against any injury or damage to any person or property on the leased premises, a successor in title to the lessor is liable to the lessee for damages to his property caused by the landlord's permitting a gutter on the roof and a pipe leading from it, which were in good repair when the tenancy began, to become and to remain out of repair so that water leaked into the second story and thence through a ceiling and into the leased premises after the owner, who still had control of the gutter and pipe, knew or in the exercise of reasonable care should have known of their condition and that such leaking would result in damage to the tenant's property.

CONTRACT OR TORT.    Writ dated March 1, 1924.

In the Superior Court, the action was tried before *Dubuque,* J.   Material evidence is stated in the opinion.   At the close of the evidence, by order of the judge, a verdict was entered for the defendant.   The plaintiff alleged exceptions.

*M. J. Smith,* for the defendant.

*J. J. Enright,* for the plaintiff, submitted a brief.

SANDERSON, J.   The plaintiff is a tenant under a written lease of the first floor of a four-story block.   The defendant is the owner of the real estate, and the lease was made in 1920

by his predecessor in title and transferred to him when he purchased the property.

The evidence tended to prove that a conductor, constructed to carry water from the gutter on the roof along the outside of the building to the ground, was at the time of the letting in good repair; that on or about January 23, 1924, because of a break in this conductor near the point where it connected with the gutter, the pipe had become clogged with dirt, causing water to overflow so that it ran down the side of the building to a place in the wall where the bricks were loose, and thence into the second story and through the ceiling of the plaintiff's store, causing damage to the ceiling and to the plaintiff's stock of goods. He testified that about three weeks before this happened, the water overflowed in the same way and started to come into the store; that the defendant upon being notified of the fact by the plaintiff came to the building with a man and made some repairs on the pipe, described as fixing something at the place of the break which caused the water to overflow on January 23, 1924. The defendant employed a janitor to care for the property. The lease to the plaintiff provided that he should quit and deliver up the premises at the end of the term in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same were in at the time of the letting or might be put in by the lessor. The lessee also covenanted to pay for all repairs and upkeep of the leased premises. There was no covenant by the landlord to make repairs. The plaintiff seeks to recover for damages to his property and for loss of business. At the conclusion of the plaintiff's evidence the trial judge allowed the defendant's motion for a directed verdict, and the exception to this order raises the only question to be decided.

Upon the evidence, the roof, gutter and conductor could have been found to be in the control of the defendant as owner of the building. The landlord, having such control, owed a duty to the tenant of a part of the building to use reasonable care not to permit the conductor leading from the gutter to become so leaky or out of repair as to cause

damage to the plaintiff's property, provided the conductor was in good repair at the time of the letting. *Priest* v. *Nichols*, 116 Mass. 401. *Hilden* v. *Naylor*, 223 Mass. 290. The landlord's duty to tenants in respect to such pipes, upon the facts here disclosed, is similar to his duty to them in case of common entries, stairways or passageways over which he retains control. *Priest* v. *Nichols, supra,* page 407. *Watkins* v. *Goodall*, 138 Mass. 533, 536. *Sullivan* v. *Northridge*, 246 Mass. 382, 383. In *Dalton* v. *Gibson*, 192 Mass. 1, the tenant agreed to hold the lessor harmless, and indemnified against any injury or damage to any person or property on the leased premises; and the case is in other respects distinguishable in its facts from the case at bar. Upon the evidence the jury could have found that the defendant knew, or in the exercise of reasonable care should have known, of the defective condition of the conductor and of the probability that this condition would result in damage to the tenant's property by the overflow of water into the building; that this condition arose after the plaintiff became a tenant, and was negligently allowed to exist or continue by the defendant. The case should have been submitted to the jury.

*Exceptions sustained.*