GRACE CAHILL DEVINE *vs.* EDISON L. LYMAN & others.

Hampden.    January 10, 1930. — January 28, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Defective drain pipe.  *Negligence,* Of one owning or controlling real estate.

At the trial of an action of tort in a district court against the owner of a building, by one who had been a tenant of a store therein since its erection eighteen years before, there was evidence that a drain pipe carrying water from the roof of the building to the sewer entered the plaintiff's store near the ceiling, made a sharp turn in the form of an elbow and, after running horizontally for a short distance, connected with the sewer pipe; that the elbow contained a metal plug, placed there when the building was erected, for the purpose of cleaning the pipe; that the plug had "blown out" and allowed water to run into the plaintiff's store, causing damage; that the threads on the plug and the pipe were worn and rusted; that, a month previously, when water had dripped from the pipe, the plaintiff had notified the defendant, whose agent then made a casual examination thereof and placed a pail below the plug, being of the opinion that the pipe was "sweating"; and that the defendant had made no other examination of the pipe since its installation. The defendant did not deny that the pipe and plug were defective at the time when the damage was sustained by the plaintiff. The trial judge found for the plaintiff. *Held,* that

(1) A finding was warranted that the pipe was not a part of the premises let, and was in the exclusive control of the defendant;

(2) The defendant was under a duty to exercise reasonable care to keep the pipe in good repair, provided it was in good condition at the beginning of the plaintiff's tenancy;

(3) On the evidence, a finding was warranted that the defendant had not exercised reasonable care to prevent damage to the plaintiff from a defective condition of the pipe: it was not necessary for the plaintiff to prove that the defendant had actual knowledge of such a condition;

(4) The finding for the plaintiff was warranted.

TORT.   Writ in the District Court of Holyoke dated October 16, 1928.

Material evidence and rulings by the judge at the trial in the District Court are stated in the opinion.   The judge found for the plaintiff in the sum of $1,600 and reported the action to the Appellate Division for the Western Dis-

trict.   The report was ordered dismissed and the defendants appealed.

The case was submitted on briefs.

*J. H. Madden,* for the defendants.

*J. S. Begley,* for the plaintiff.

CROSBY, J.   The plaintiff seeks to recover damages caused by water from an alleged defective pipe, which she contends it was the duty of the defendants to keep in repair. The trial judge found for the plaintiff and reported the case to the Appellate Division.   The report was ordered dismissed and the defendants appealed.   All the evidence material to the questions of law presented is contained in the record.

The plaintiff occupies as a tenant at will a store on the ground floor of a building owned by the defendants, and has occupied the same premises since the erection of the building about eighteen years ago.   There was evidence tending to show the following facts: A drain pipe for the purpose of carrying water from the roof of the building into the sewer enters the store of the plaintiff near the ceiling, then makes a sharp turn in the form of an elbow, and, after running horizontally for a short distance connects with the sewer pipe.   In the elbow of the drain pipe was a metal plug which was put there when the building was erected.   The plug was so placed that it might be removed and the pipe cleaned. There was a metal thread on the plug and a similar thread on the pipe.   On August 5, 1928, the defendant Lyman noticed water in the plaintiff's store, and, believing that it came in through an open window, called her by telephone. The plaintiff found that the plug had "blown out" and that water was running from the pipe into the store.   A wooden plug was then driven into the place where the metal plug had been to stop the flow of water, and remained there until a new metal plug was placed in the pipe.   The plug showed that the threads on it and the threads on the pipe were rusted and worn.   As a result of the plug becoming detached water collected on the floor of the plaintiff's store to a depth of about five inches.   It appeared that in the preceding July the plaintiff had discovered water dripping

from the pipe and notified an agent of the defendants who caused their janitor to examine the pipe; upon a casual examination he found that water was dripping therefrom and placed a pail below the metal plug; he testified that in his opinion the water was due to sweating of the pipe. The drain pipe had been installed in the building when it was constructed, about eighteen years before the metal plug became detached on August 5. During that time nothing had been done to the pipe or to the plug by any one. There was no evidence of any inspection of the pipe during this entire period other than at the time the janitor was called.

The trial judge found that the pipe was maintained for the sole convenience and use of the defendants; that it was not demised to the plaintiff and was under the exclusive control of the defendants. He ruled that it was the duty of the defendants to maintain the pipe in the same condition that it was in or appeared to be in at the time of the letting of the premises; that it was not necessary for the plaintiff to show that the defendants had actual knowledge of any defect in the pipe or plug, but that it was their duty to use due care in the maintenance of the pipe; and that ignorance of the defect was no defence. He found for the plaintiff and assessed the damages which she had sustained caused by the water. The defendants made certain requests for rulings, including a request that on all the evidence the plaintiff was not entitled to recover. These requests were refused. The defendants excepted to the rulings made and to the refusal to give those requested.

Whether the drain pipe and plug remained in the exclusive control of the defendants, and they were in a defective condition, were questions of fact for the determination of the trial judge. Upon the facts found it is plain that the pipe was near the ceiling of the plaintiff's store. It could have been found that it was not a part of the premises let to her, but remained in the exclusive control of the defendants. It is not disputed by the defendants that the pipe and metal plug were in a defective condition by reason of which the damage to the plaintiff's goods resulted. The landlords, being in exclusive control of the roof and drain

pipe, were bound to exercise reasonable care to keep them in such condition and repair that water would not damage the plaintiff's property, provided the pipe was in good repair when the tenancy began. There was no finding that they ever had made any repairs upon the pipe or plug, or had ever inspected it to ascertain its condition before the flooding of the plaintiff's store, apart from the finding that in the previous July the pipe was found to be leaking. It does not appear that at that time any examination of the pipe was made. From the facts found the trial judge was warranted in finding that if the defendants had exercised reasonable care they would have known of the defective condition of the pipe and of the probability that this condition would result in damage to the plaintiff by water escaping into her store. The case cannot be distinguished in principle from *Priest* v. *Nichols*, 116 Mass. 401, 407, *Hilden* v. *Naylor*, 223 Mass. 290, and *Kendall* v. *Tashjian*, 258 Mass. 377. The cases cited by the defendants are not applicable to the facts in the case at bar.

*Order of Appellate Division affirmed.*