ELIZABETH J. GRADY *vs.* MARY GARDINER.

Suffolk.     March 31, 1930. — September 11, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Landlord and Tenant,* Landlord's liability to third person, Common passageway, Common basement.

A nurse of a tenant in an apartment house, while searching for the janitor in the basement to get him to perform in her employer's apartment a duty to which the employer was entitled under his lease, fell over a sewer pipe, which ran across the basement at approximately the height of her knees, and was injured. The basement contained heaters and coal bins, and a storage closet for each apartment. The plaintiff's employer had the use of one of these closets. At the trial of an action

by the nurse against the proprietor of the house, the plaintiff testified that the basement was dark; that "the light was fair"; that "if she had been looking for the pipe she would have seen it," and that "after she fell she saw the pipe all right." She also testified that "the pipe was dark at the time of the accident." There was no evidence that the condition of the basement at the time of the letting was not what it appeared to be, nor that there were hidden defects therein, nor that the defendant had assumed the duty of keeping the basement lighted, nor that his practice in this respect was different at the time of the accident from his practice at the time of the letting. There was evidence that, when the tenant took possession of the apartment, the pipe "had been painted white at some time"; that it had not been repainted since; that "at the time of the accident you could tell that the pipe had been painted white sometime"; that on the day of the accident "the pipe . . . was very dirty, and . . . when he took possession of the . . . [apartment] the pipe was in much better shape than it was the day of the accident." The judge ordered a verdict for the defendant. *Held*, that

(1) Findings were warranted that the basement was within the control of the defendant and in part was for the use in common of the tenants of the apartments in the building for the purpose of access to the storage closets and to the janitor, and that the plaintiff was using the basement for that purpose in the right of her employer, a tenant;

(2) If such findings were made, the defendant owed to the plaintiff's employer only the duty to exercise reasonable care to keep the basement in the condition for the purposes of passage in which it was, or appeared to be, at the time of the letting; and owed the same, but no greater, duty to the plaintiff;

(3) In view of the plaintiff's uncontradicted testimony, by which she was bound, as to the visibility of the pipe at the time of the accident, the evidence did not go far enough to show that there was such a "special newly occurring change for the worse" in the condition of the basement with respect to safety "as imposed any duty of repair upon the landlord";

(4) There was no error in the ordering of a verdict for the defendant.

TORT for personal injuries. Writ dated July 17, 1924.

In the Superior Court, the action was tried before *Walsh,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. A. Lyons,* for the plaintiff.

*T. H. Calhoun & E. J. Sullivan,* for the defendant.

FIELD, J. This is an action of tort to recover damages for personal injuries alleged to have been received by the plaintiff by reason of her falling over a sewer pipe in the base-

ment of the defendant's premises. Upon motion of the defendant a verdict for her was directed and the plaintiff excepted.

The evidence tended to show the following facts: The plaintiff was employed as a nurse by the tenant of an apartment on the third floor of the defendant's premises. Under his lease the tenant was entitled to janitor service. The janitor's rooms were in the basement, but at the time of the accident the janitor lived in a nearby house also owned by the defendant. There was no means of communicating with him from the apartment in which the plaintiff lived. The "only way to get . . . [him] was to go down and look for him" "or wait for him to come upstairs." On the day in question the plaintiff went to the janitor's apartment in the other house to get him to clean out a clogged toilet in the bath room in her employer's apartment, such work being a part of his duties, but did not find him. Continuing to look for him, she went into the basement of the building in which her employer's apartment was located, "proceeded to walk across said basement to where she thought the janitor was" and while doing so fell over a sewer pipe, which ran across the basement at approximately the height of her knees, and was injured. The basement contained heaters and coal bins, and a storage closet for each apartment. The plaintiff's employer had the use of one of these closets. The accident occurred on a "dark, rainy day." At the time it happened some light came through windows into the basement, but the electric lights were not lighted and, according to the testimony of the plaintiff, the basement was "dark," though she testified also that "the light was fair," that "if she had been looking for the pipe she would have seen it" and that "after she fell she saw the pipe all right."

It could have been found that the basement was within the control of the defendant and in part was for the use in common of the tenants of the apartments in the building for the purpose of access to the storage closets and to the janitor, and that the plaintiff was using the basement for that purpose in the right of her employer, a tenant. If

such findings were made it would follow that the defendant owed to the plaintiff's employer the duty to exercise reasonable care to keep the basement in the condition for the purposes of passage in which it was, or appeared to be, at the time of the letting (*Quinn* v. *Perham,* 151 Mass. 162, *Andrews* v. *Williamson,* 193 Mass. 92, 94, *Domenicis* v. *Fleisher,* 195 Mass. 281, 283, *Caruso* v. *Lebowich,* 251 Mass. 477, 478 and cases cited, *Goodell* v. *Sviokcla,* 262 Mass. 317, *Goldsmith* v. *Ricles, ante,* 391, 396) and owed the same, but no greater, duty to the plaintiff. *Baum* v. *Ahlborn,* 210 Mass. 336, 338. *Carey* v. *Klein,* 259 Mass. 90, 92, and cases cited.

The plaintiff contends that the defendant's duty was to use reasonable care to keep the basement in safe condition for the plaintiff's use, irrespective of its condition at the time of the letting, on the ground that the plaintiff was using the premises by invitation implied from the defendant's agreement to furnish janitor service. But no invitation to the tenant to use the basement other than under the lease as appurtenant to the demised premises, or to the plaintiff other than in the right of the tenant, was implied from the defendant's agreement to furnish janitor service. Hence, cases relied upon by the plaintiff dealing with the liability of owners of buildings to persons not tenants, using them by invitation, are not controlling.

There was no evidence that the condition of the basement at the time of the letting was not what it appeared to be — what "it would appear to be to a person of ordinary observation" (*Andrews* v. *Williamson, supra,* see also *Goldsmith* v. *Ricles, supra*) — that is, there was no evidence of hidden defects. *O'Malley* v. *Twenty-Five Associates,* 178 Mass. 555, 558. Nor was there evidence that the defendant had assumed the duty of keeping the basement lighted. It did not appear that the defendant's practice in this respect was different at the time of the accident from her practice at the time of the letting. *Pizzano* v. *Shuman,* 229 Mass. 240. *Polansky* v. *Heller,* 241 Mass. 484.

The evidence as to the condition of the pipe did not warrant a finding of a breach of the defendant's duty. The

plaintiff testified that "the pipe was dark at the time of the accident." The only testimony, however, as to its condition at the time of the letting came from the tenant, who said that "when he took possession of the premises the pipe had been painted white at some time," that "he did not think" it "had been repainted since he took possession to the time of the accident" and that "at the time of the accident you could tell that the pipe had been painted white sometime," and who further testified that on the day of the accident "the pipe . . . was very dirty, and . . . when he took possession of the property the pipe was in much better shape than it was the day of the accident." In view of the plaintiff's uncontradicted testimony, by which she is bound, as to the visibility of the pipe at the time of the accident, this evidence does not go far enough to show that there was such a "special newly occurring change for the worse" in the condition of the basement with respect to safety "as imposed any duty of repair upon the landlord." *Quinn* v. *Perham*, 151 Mass. 162, 163.

It follows that there was no error in directing a verdict for the defendant.

*Exceptions overruled.*