LONDON TOBACCO CO. INC. *vs*. JOSEPH FREEMAN.

Suffolk.   January 4, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Pleading, Civil*, Declaration. *Practice, Civil*, Exceptions. *Landlord and Tenant*, Termination of relation, Tenancy at will, Repairs.

On an exception by the plaintiff to the ordering of a verdict for the defendant in an action of contract or tort, the declaration in which contained no count in contract, it was unnecessary for this court to consider the question, whether the evidence would have warranted a verdict for the plaintiff on such a count.

A tenancy at will of real estate is terminated when the landlord conveys the premises to another; and, if the tenant remains on the premises as a tenant of the new owner, the obligations of the new owner, in the absence of a special agreement between him and the tenant, are based on the state of affairs existing when the new tenancy begins.

At the trial of an action of tort by a tenant at will of a store in a building owned by the defendant, who was in control of the roof thereof, for damage to property of the plaintiff caused by water leaking through the roof following heavy rains, it was proper to order a verdict for the defendant on evidence showing merely that, about the time when the plaintiff's tenancy began, he pointed out to the defendant a discoloration of the ceiling and informed the defendant "that there was going to be a leak in that part of the ceiling"; that the defendant promised to "fix it right away and to do everything that was necessary"; and that, after heavy rains a few weeks later, a part of the ceiling near the discoloration, but not at the place where it was, fell on account of its having been loosened by water: such evidence did not show that the roof was in a more defective condition when such damage occurred than it had been at the time when the plaintiff's tenancy began, nor that there was such a special newly occurring change for the worse in the condition of the roof as imposed any duty of repair upon the defendant.

CONTRACT OR TORT.  Writ dated May 31, 1928.

The action was tried in the Superior Court before *Donnelly,* J.  Material evidence is stated in the opinion.  The judge ordered a verdict for the defendant.  The plaintiff alleged an exception.

*M. M. Horblit,* (*B. Goldman* with him,) for the plaintiff.

No argument nor brief for the defendant.

FIELD, J.  This is an action by a tenant against its landlord to recover compensation for damage to tobacco and machinery in the leased premises, caused by rain leaking through the roof.  The first count of the declaration alleges that the defendant negligently repaired the roof; the second count alleges that the roof remained in the control of the defendant and that he, in violation of his duty to keep it in repair, negligently permitted it to fall into disrepair.  The verdict for the defendant was directed upon his motion and the plaintiff excepted.  Counsel agreed that if the court "should have denied the motion, damages are to be assessed, but if it was right in allowing the motion . . . the verdict was to stand."

The action is described in the bill of exceptions as an "action of contract or tort," but the declaration contains no count in contract.  Consequently, it is unnecessary, on exception to a directed verdict, to consider whether the evidence would have warranted a verdict for the plaintiff on such a count.  *Brasslavsky* v. *Boston Elevated Railway,* 250 Mass. 403, 404.  *Pisco-Pausata* v. *Oliver Ditson Co.* 276 Mass. 377, 381.  Nor is it contended that the evidence would have warranted a verdict on the first count.  There was no evidence of negligent repairing.

The evidence did not warrant a verdict for the plaintiff on the second count of the declaration.

Findings could have been made that the plaintiff occupied a store on the first floor of a building owned by the defendant, that two apartments above the store were let to other tenants, that the rear of the store extended beyond the apartments, and that tobacco and machinery belonging to the plaintiff in the rear of the store were damaged by water which leaked through the roof after a heavy rainfall.

The plaintiff contends that it was a tenant at will of the defendant, and that the roof through which the water leaked was in control of the defendant. If this was the situation — and it is not necessary to decide whether the evidence warranted a finding that it was, since the plaintiff's case fails on another ground — the defendant owed the plaintiff the duty to exercise reasonable care to keep the roof in the condition in which it was or appeared to be at the time of the letting. *Hilden* v. *Naylor*, 223 Mass. 290. *Sullivan* v. *Northridge*, 246 Mass. 382. *Kendall* v. *Tashjian*, 258 Mass. 377. *Devine* v. *Lyman*, 270 Mass. 246. *Grady* v. *Gardiner*, 272 Mass. 491, 494.

If the plaintiff, as it contends, was a tenant at will, the letting did not take place earlier than "about the twenty-fifth of April," 1928, when, according to the evidence, the defendant bought the premises from the former owner under whom the plaintiff held as a tenant at will. The sale of the premises terminated the former tenancy. *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576, 578–579.

The evidence bearing on the condition of the roof at the time of the letting was that "toward the end of April, 1928," the defendant came to the premises and introduced himself as the new owner of the building, that the plaintiff's treasurer pointed out a discoloration in the ceiling in the rear of the store and informed the defendant "that there was going to be a leak in that part of the ceiling," and that the defendant promised to "fix it right away and to do everything that was necessary." The evidence tended to show that the damage to the plaintiff's property resulted from water leaking through the roof following heavy rains on May 19 and 20, 1928. On Monday morning, May 21, according to the testimony, it was discovered that the ceiling was wet and discolored, and that a portion of it "near the discoloration in the rear of the store, but not where the discoloration was, had fallen," the ceiling having been "loosened by the water." There is nothing in the testimony to indicate a more defective condition of the roof when the damage occurred, following heavy rains, than existed and was apparent at the time of the letting. A finding was not war-

ranted that there was such a "special newly occurring change for the worse" in the condition of the roof "as imposed any duty of repair upon the landlord." *Quinn* v. *Perham,* 151 Mass. 162, 163. *Grady* v. *Gardiner,* 272 Mass. 491, 495. No other ground of recovery is urged by the plaintiff.

It follows that the verdict for the defendant was directed rightly and that, in accordance with the agreement of counsel, the verdict for the defendant is to stand.

*So ordered.*