*Municipal Court of the City of Boston*

No. 322077

## ARNOLD B. COX

v.

## ZUCIO A. ROTHENBERG et al, trustees

(November 5, 1953)

*Lewiton, J.* The plaintiff, a tenant under a written lease of certain premises in Boston, suffered damage when the roof of the building in which the premises are located was partially lifted off in the course of a very severe storm. In this action of tort, he sued his lessors, to recover for such damage, claiming that negligence on their part in the maintenance of the roof was a contributing cause of the casualty. At the conclusion of the trial, the court found for the plaintiff, after denying the defendants' requests for rulings. The case is before us on the defendants' claim that they were aggrieved by the denial of their requested rulings.

The lease under which the plaintiff occupied the premises was before the trial court, and its major provisions have been summarized in the report. It contained no provisions dealing expressly with the repair or maintenance of the roof by the lessors and there is no other evidence reported to indicate that the lessors had ever agreed to keep the roof constantly in a state of good repair. Consequently it would appear that the obligation of the lessors with respect to the roof was, at most, to use reasonable care to maintain the roof in as good condition as it was or appeared to be when the tenancy began. *London Tobacco Co., Inc. v. Freeman*, 280 Mass. 368, 370; *Devine v. Lyman*, 270 Mass. 246, 248-9; *Williams*

*v. Pomeroy,* 254 Mass. 290, 291; cf. *Martin v. Christman,* 320 Mass. 696, 697; *Fernandes v. Medeiros,* 325 Mass. 293, 295-6.

From this it follows that liability could be imposed on the defendants only upon a finding that they had been negligent in the performance of that duty, and that their negligence, in conjunction with an Act of God in the form of a storm of almost unprecedented fury, caused the damage for which the plaintiff seeks to recover. *Hecht v. Boston Wharf Co.,* 220 Mass. 397; *Bratton v. Rudnick,* 283 Mass. 556; cf. *Salisbury v. Herchenroder,* 106 Mass. 458.

The trial judge denied a requested ruling that the evidence was insufficient, as a matter of law, to warrant a finding of negligence on the part of the defendants. In our opinion this denial was error, and makes unnecessary any consideration of the denial of other requested rulings.

The evidence bearing on the issue of the defendants' negligence, viewed in the light most favorable to the plaintiff, may be summarized as follows:

The premises occupied by the plaintiff were located on the top floor of a building owned by the defendants; at the commencement of the plaintiff's occupancy in June, 1947, the premises and the building appeared to be in good condition; on two occasions in April, 1949, the plaintiff wrote letters to the defendants, complaining that in the course of storms which occurred during that month, there were "several leaks in different places through the walls and windows" of the premises; there were four or five leaks in the roof and the walls around the windows up to April 20, 1949; the leaks were in a corner near the roof and the top of the windows; the plaintiff found dust accumulated in the premises over weekends but he did not observe how the dust came into the premises; the complaints in the aforementioned letters were taken care of, and if the plaintiff ever complained of a leak, it would be taken care of; there were no leaks for about a year prior

to November 25, 1950; a new roof was put on in July, 1948, or July, 1949; the roof leaked since the new roof was put on, but there was no evidence of the date or dates of such subsequent leak or leaks; there was nothing unusual about the roof or walls when the plaintiff left the premises on Saturday, November 24, 1950; on November 25 and 26, 1950, there occurred one of the most violent, disasterous and unusual storms of modern times, with peak gusts of 79 and 86 miles an hour, of hurricane proportions; the plaintiff first learned that something unusual happened to his property on the demised premises on Monday, November 26, when he arrived there at about 9 a.m; at that time he found the roof was raised at least a foot from the building at one corner thereof, and ran back fifty feet; he found dirt and rain in the premises; the curtains in his office were down and covered with dirt and his office furniture was tipped over and covered with bricks and dirt; the office was ankle deep in water and there were bricks and plaster all over the place; when the roof was lifted it cracked.

From an official report of the United States Weather Bureau which was introduced in evidence, it appeared that "one of the most violent and destructive storms of modern times smashed across New England during the 25th and 26th [of November, 1950] crippling utilities, wrecking homes, flooding waterfront communities, destroying other property and causing much suffering and hardship to thousands of people throughout the area. It was estimated that the storm damage in New England would reach a total of twenty million dollars and in Greater Boston between one-half million and one million dollars . . . Whole gale winds began in Boston shortly after 2 A.M. on the 25th, continuing with increased tempo the rest of the day and night with driving rain beginning at 7 P.M. as the storm began to reach its climax around midnight of the 25th-26th. A maximum 5-minute average of 60 miles per hour from the southeast was recorded at 11:34 P.M. and peak gusts

of 79 miles per hour from the east at 9:58 P.M."

The only testimony in the case as to the condition of the roof and building just before the storm came from witnesses for the defendants. Their testimony was to the effect that the building was well constructed and solid, that the walls were in good condition except where they had been damaged when the roof was lifted by the storm, and that in their opinion there was nothing wrong with the roof before the storm. While this testimony need not have been accepted by the trial judge, mere disbelief thereof could not properly be the basis of a finding to the contrary. *Carmichael v. Carmichael*, 324 Mass. 118, 121; *Boice-Perrino Co. v. Kelley*, 243 Mass. 327, 330.

It is clear that if the lifting of the roof and the damage to the property of the plaintiff were caused solely by the storm, the destructive character of which was shown by the evidence, the plaintiff is not entitled to recover. *Williams v. Pomeroy*, 254 Mass. 290; *Hecht v. Boston Wharf Co.*, 220 Mass. 397; *Bratton v. Rudnick*, 283 Mass. 556.

In our opinion the evidence did not warrant the court in finding that any negligence on the part of the defendants contributed to the effects of the storm in causing the damage. At most, the evidence showed that on some four or five occasions between 1947 and 1949 the plaintiff complained of leaks through the walls or around the windows or through the roof of the building, and that on each occasion repairs were made by the defendants. On the plaintiff's own testimony, there were no leaks for a year prior to the date of the storm. There is a complete absence of any evidence from which it could properly be found that there were any structural or other defects in the building or in the roof which rendered it particularly vulnerable to the fury of the storm, and of which the defendants were aware or reasonably should have been aware, and which they should therefore have taken reasonable steps to correct. In so far as the design of the building, and more

particularly the overhanging aspect of the roof, may have rendered it susceptible to be damaged by winds of great velocity, there is no evidence that the roof was in any different condition on the occasion of the storms from that in which it was or appeared to be at the commencement of the plaintiff's tenancy. *London Tobacco Co., Inc. v. Freeman,* 280 Mass. 368; *Greenway Wood Heel Co. Inc. v. John Shea Co.,* 313 Mass. 177, 180-181; *Fernandes v. Madeiros,* 325 Mass. 293; *Berg v. Elder,* 290 Mass. 540; *DiGregoria v. Ricio,* 258 Mass. 123.

In our opinion the trial judge should have ruled, as requested by the defendants, that the evidence did not warrant a finding of negligence on their part.

*Finding for plaintiff vacated.*
*Judgment for defendants.*

Frank P. Hurley and Abraham Wasserman, for the plaintiff.

Israel Bernstein, for the defendant.